In the Matter of the Application of the TOWN OF WEST SENECA, Respondent, for the Appointment of a Referee to Ascertain, Audit and Adjust between the City of Lackawanna and the Town of West Seneca All Debts, Claims and Demands Existing against, and all Properties Belonging, to the Town of West Seneca, Pursuant to the Charter of the City of Lackawanna.

### CITY OF LACKAWANNA, Appellant.

Fourth Department, June 30, 1925.

**Municipal corporations — proceeding under Lackawanna City Charter, Laws of 1909, chap. 574, § 270, to adjust between town of West Seneca and city of Lackawanna all claims and demands existing between them at time city was incorporated — prior to incorporation taxpayer's action was commenced against town and others — after incorporation of city it was made party defendant but supported plaintiff in that action — judgment in that action and for costs was directed against town and individuals — Lackawanna City Charter, § 270, provides merely for investigation as to debts — order of court that city of Lackawanna is liable for costs in taxpayer's action was unauthorized under section 270, and said order has not effect of enforcible judgment — claim existed when city was incorporated — judgment and costs not chargeable entirely against city of Lackawanna.**

A proceeding under section 270 of the Lackawanna City Charter (Laws of 1909, chap. 574) to ascertain, audit and adjust all claims and demands existing between the town of West Seneca and the city of Lackawanna at the time the city was incorporated is for the purpose of investigating, adjusting and stating all claims and demands and for apportionment and charging against the city of Lackawanna its appropriate share of such claims and demands, but said section does not authorize a final adjudication or a judgment enforcible by execution.

The court did not have the power to determine by order that the city of Lackawanna is liable to pay a judgment for costs in an action instituted by a taxpayer against the town of West Seneca and others prior to the incorporation of the city of Lackawanna, which was terminated after the city was incorporated and after the city was made a party defendant, in which action the city did not defend but assisted the plaintiff, for it is beyond the power of the court under section 270 of the Lackawanna City Charter to determine the liability of the city, and the order appointing the referee and adjudging that the city of Lackawanna is liable to the town of West Seneca for the payment of the whole of the judgment, with interest, does not have the effect of an enforcible judgment.

While the judgment in the taxpayer's action was not recovered until after the city was incorporated, still the cause of action, the " claim," of which the judgment for costs is an incident, was one " existing " at the time of the incorporation within section 270 of the Lackawanna City Charter.

In view of the fact that the judgment in the taxpayer's action was recovered through the assistance of the city of Lackawanna, which, although made a party defendant, actually assisted the plaintiff, and that the judgment obtained was based solely upon malfeasance of the town through its officials, said judgment and costs cannot be adjusted entirely against the city of Lackawanna.

APPEAL by the City of Lackawanna from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 1st day of April, 1925, appointing a referee and adjudging that the city of Lackawanna is liable to the town of West Seneca for the payment of the whole of a judgment recovered against the town of West Seneca by the Lackawanna Steel Company, which was entered in the office of the clerk of the county of Erie on the 11th day of December, 1912.

*Thomas L. Newton* [*George B. Doyle* of counsel], for the appellant.

*William J. Daetsch* [*Wortley B. Paul* of counsel], for the respondent.

TAYLOR, J.:

Prior to December 31, 1906, the town board of the town of West Seneca created and defined in that town sewer district No. 1, and on said date entered into a contract with Savage & Co. for the construction of a sewer system therein. The detailed estimated expense of said improvement was spread upon the minutes of the town board and board of highway commissioners, and bonds were issued to pay for the same on the credit of said town.

The city of Lackawanna, located in the town of West Seneca in the county of Erie, was incorporated in May, 1909. (Laws of 1909, chap. 574, being the Lackawanna City Charter.) The government of the city was organized in August, 1909. In July, 1909, the Lackawanna Steel Company brought a taxpayer's action against the town of West Seneca and others, including the said contractors. The complaint alleged that the contractors had willfully failed to construct the sewer in accordance with the plans and specifications and their contract; that the officials of the town of West Seneca not only had actual knowledge of said non-compliance, but that the said officials had voluntarily largely overpaid said contractors on the contract; that said officials of the town corruptly intended to accept said sewer and thereby improvidently waste the funds of said town and the city of Lackawanna. The complaint demanded judgment restraining the acceptance of the sewer and the paying of any further money on the contract, together with other and further relief. The answer of the town of West Seneca and its officials put in issue material allegations of the complaint. In its answer the city of Lackawanna (having been made a party) substantially took the same position as did the plaintiff.

This action was referred to George Clinton as referee to hear, try and determine. Many adjournments and hearings were had and in November, 1912, a decision was rendered by the referee

in favor of plaintiff, granting in general the relief asked for by the plaintiff and the defendant city of Lackawanna.

In July, 1909, the Supreme Court had appointed George A. Lewis a referee, under section 270 of the Lackawanna City Charter, to ascertain, audit and adjust all debts, claims and demands existing between the city of Lackawanna and the town of West Seneca at the time of the passage of the Lackawanna City Charter. Thereafter said referee filed his report. In it the referee alluded to the action pending before Hon. George Clinton, as referee, and stated that whatever might be the result of said litigation, the mutual rights, accounts and liabilities of said town and said city must remain subject to further settlement and adjustment.

Referee Clinton, in his report, concluded as follows: " Let judgment be entered accordingly, with costs and disbursements in favor of the plaintiff and against the defendants, the town of West Seneca, Lawrence Savage, Joseph Battle and James Battle [the contractors]."

The town of West Seneca appealed from that part of the judgment which awarded costs and disbursements ($11,963.42) against it. The contractors also appealed. The city of Lackawanna did not appeal. On the appeal the Appellate Division affirmed the judgment (*Lackawanna Steel Co.* v. *Lein,* 208 App. Div. 830), and the Court of Appeals, in October, 1924, denied permission to appeal to that court. This proceeding is brought by the town of West Seneca, under section 270 of the Lackawanna City Charter, to determine who is to pay said judgment.

On March 31, 1925, pursuant to a motion noticed the preceding December, the Supreme Court at the Erie Special Term, upon affidavits presented, made an order in said proceeding. This order recited the appointment of W. Bartlett Sumner as referee, pursuant to said section, " to ascertain, audit and adjust between the city of Lackawanna and the town of West Seneca, the payment of said judgment " (entered under the decision of Referee Clinton). In the order it is stated that the sewer district affected is situated wholly in the present city of Lackawanna, and that the court has duly considered the claims of both the town of West Seneca and the city of Lackawanna as to the liability for payment of the judgment. Then in the same order in which this referee is thus appointed, the court proceeds to order and adjudge " that the city of Lackawanna is liable to the town of West Seneca for the payment of the whole of said judgment, with interest " (specifying amount due).

The meaning and scope of section 270 of the Lackawanna City Charter are directly involved in this appeal. The section provides

that the city of Lackawanna shall be liable for its proportion of the debts, demands and claims existing at the time of the passage of this act against the town of West Seneca, " to be ascertained and adjudged " as provided in this act. Then there is a provision for the appointment of a competent attorney as referee, upon proper notice, who shall take his oath and " ascertain and audit all debts, claims and demands against said town, * * * and adjust the amount to be paid by the city of Lackawanna, and by the town of West Seneca " according to their respective property valuations on the last assessment roll of said town.

It is further provided that when said referee's report shall have been confirmed at a Special Term of the Supreme Court " the debt of said city and said town so *adjusted shall be paid* in the proportion so adjusted *the same as other debts existing* against said city and said town, respectively." (Italics not in original.)

This seems to manifest a legislative intent to provide a method for generally investigating, adjusting and stating all claims and demands of third parties existing against the town of West Seneca when the city of Lackawanna was brought into being, and for an apportionment and charging against the city of Lackawanna of its appropriate share of such debts, claims and demands. It does not, as appellant seems to claim, go so far as to authorize a final adjudication or a judgment enforcible by execution. It merely provides for judicial bookkeeping.

The appellant urges (1) that section 270 of the Lackawanna City Charter is unconstitutional (State Const. art. 1, § 2) in that it deprives appellant of its right to a trial by jury; (2) that the said proceeding, under section 270, is outlawed; (3) that the town of West Seneca was guilty of laches; (4) that the judgment for costs was not a " debt, demand and claim existing " (Lackawanna City Charter, § 270) when the city of Lackawanna was incorporated; (5) that the defendant town of West Seneca, not the city of Lackawanna, did the fighting against plaintiff Lackawanna Steel Company in said action, and, the judgment obtained having resulted solely from the malfeasance of the town through its officials, that the town alone should pay the costs.

As to point (1), the order appealed from appoints a referee to adjust one claim only (the judgment in question). Then the court, disregarding the referee, adjudges the city of Lackawanna to be liable for the whole amount stated in the judgment. Even if the appointment of a referee were permissive, not mandatory, and might be thus disregarded by the court after appointment, the " adjudication " found in the order cannot have the effect

of an enforcible judgment, even if so intended. Section 270 of the Lackawanna City Charter does not go thus far. No right to trial by jury is at present involved.

None of the other points raised by appellant requires discussion except the last two. As to (4): The sewer contract was entered into by the town of West Seneca years before the city of Lackawanna was incorporated. The town officials and contractors proceeding under the contract were believed to be corruptly wasting, and about to further waste, the town's funds. In an action brought by a taxpayer to put a stop to this, a judgment which included a large bill of costs was recovered against the town of West Seneca. While this judgment was not recovered till long after Lackawanna city was incorporated, still the cause of action, the " claim," of which the judgment for costs is an incident, was one " existing " at the time of such incorporation within the contemplation of said section 270.

The last of appellant's above-enumerated contentions has merit. The officials found by the judgment of the court to have been guilty of malfeasance and to have been the cause of the indebtedness imposed by the judgment, were the duly elected officials of the town of West Seneca. To be sure, the citizens of the city of Lackawanna were formerly citizens of the town of West Seneca; but the city of Lackawanna, as such, had no part in executing the sewer contract nor in acting thereunder, and on the trial of the action supported the contentions of the plaintiff taxpayer, rather than those of the town and its officials. And while the sewer district in question was all in the city of Lackawanna after the city came into corporate existence, the district was theretofore in the town of West Seneca, for the city of Lackawanna was carved entirely out of the town. This bill of costs is not " legal expenses " of the city of Lackawanna resulting from an " improvement." (Town Law, § 490.) It is a debt incurred originally by one corporate entity (Gen. Mun. Law, § 2), the town of West Seneca, through its corrupt officials, and under the affidavits read in the proceeding, should not be even " adjusted " *entirely* against another corporate entity, the city of Lackawanna, because the sewer district happens to be now entirely within said city. This conclusion finds support in the order of Mr. Justice Pound at Erie Special Term, entered June 13, 1913, whereby the report of Referee Lewis, hereinbefore mentioned, was modified by charging to the town of West Seneca twenty-seven per cent of sewer bonds, amounting to $225,000. These bonds had all been charged in the report to the city of Lackawanna because the sewer was entirely within said city.

The order should be modified by striking out the paragraph

defining the rights of the city and the town, and as thus modified affirmed.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Order modified by striking out the last paragraph of the order and as so modified affirmed, with ten dollars costs and disbursements to the appellant.