In the Matter of the Application of THE TOWN OF WEST SENECA for the Appointment of a Referee to Ascertain, Audit and Adjust between the City of Lackawanna and the Town of West Seneca All Debts, Claims and Demands Existing against, and All Properties Belonging to the Town of West Seneca, Pursuant to the Charter of the City of Lackawanna.

CITY OF LACKAWANNA, Appellant; TOWN OF WEST SENECA, Respondent.

Fourth Department, March 14, 1928.

Municipal corporations — creation — proceedings under Lackawanna City Charter (Laws of 1909, chap. 574), § 270, to determine liability of city of Lackawanna for costs of action against town of West Seneca — city was created out of part of town — action was pending against town when city was organized, to restrain action under sewer contract — city was brought in as defendant and joined in prayer of plaintiff — town officials and contractor contested case and lost — city is not liable for costs under said section of city charter.

The city of Lackawanna was created August 6, 1909, under its city charter which was enacted May 29, 1909 (Laws of 1909, chap. 574).    Section 270 provides a method for the adjustment between the city and the town of West Seneca, a part of which was taken to create the city, of the existing obligations of the town.    Included within the city was all of sewer district No. 1 of the town of West Seneca.    In a prior proceeding it has been determined that the city must ultimately pay all the bonds issued by the town for the construction of the sewer.    Shortly before the city was organized a taxpayer commenced an action against the town to restrain further proceedings under a contract for the construction of the sewer and the town interposed an answer so that the case was at issue when the city was organized.    The city was brought in as a party

defendant and interposed an answer in which it joined in the prayer of the plaintiff. The town officials and the contractor, however, contested the action which finally resulted in an adverse judgment and a bill of costs for $11,000. The city of Lackawanna is not liable under section 270 of the city charter for any part of the costs.

The costs will not be apportioned, for while the town legally was acting for the new city when the action was commenced, the costs accruing before the city became a party are so small as compared with the entire costs, and the bad faith of the town officials is so manifest, that there should be no segregation.

APPEAL by the City of Lackawanna from an order of the Supreme Court, entered in the office of the clerk of the county of Erie on the 25th day of March, 1927.

*Thomas L. Newton* [*George B. Doyle* of counsel], for the appellant.

*George T. Vandermeulen,* for the respondent.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the Bethlehem Steel Company, *amicus curiæ.**

SAWYER, J. This is a proceeding under section 270 of chapter 574 of the Laws of 1909 (Lackawanna City Charter). That act created the city of Lackawanna out of a part of the territory of the town of West Seneca and included therein the entire sewer district No. 1 of that town. This section 270 provides the method whereby the then existing indebtedness of the town may be ascertained, audited and equitably adjusted between the town and city.

Among other obligations the town was indebted on outstanding bonds theretofore issued for construction of the sewers in such district No. 1. The entire benefit of the sewers has inured to the city and its inhabitants and, in an action brought for the purpose, it has been adjudged that while the primary obligation for the payment of these bonds rests on the town and city in the proportion, according to the value of their respective taxable properties, of twenty-seven per cent thereof to the former and seventy-three per cent to the latter, the city must reimburse the town for the proportion so charged against it. In other words, the entire cost of the sewers must ultimately be borne by the city.

A previous proceeding, under the same section 270, for an adjustment of the town obligations had been prosecuted to a final order with the same result but any liability that might arise out of the litigation resulting in the judgments now under consideration was expressly left for future determination; the question was not presented to the court in the action or proceedings spoken of.

The Lackawanna City Charter became a law May 29, 1909, and the organization of the city was completed August 6, 1909. The

* See 220 App. Div. 804.— [REP.

contract for the sewers in district No. 1 was executed in December, 1906, and work thereunder proceeded until July 1, 1909, when the Lackawanna Steel Company, as an interested taxpayer, brought an action in equity to stop further proceedings under the contract, and to enjoin the town board from accepting the sewer system and from doing anything to release the contractors and their bondsmen from liability. The action was tried at great length before a referee who decided the same in favor of the plaintiff in November, 1912, and the judgment was later affirmed in this court. (*Lackawanna Steel Company* v. *Lein,* 208 App. Div. 830.) In this action judgments for costs in the trial court, this court and the Court of Appeals have been entered against the town and this proceeding has so far resulted in a determination that the city of Lackawanna must in the end bear them all.

The report and findings of the learned referee seem to proceed upon a misunderstanding of our decision in *Matter of Town of West Seneca* (213 App. Div. 382). That decision went no further than to hold that section 270 of the Lackawanna City Charter did not authorize a final adjudication of proportionate liability or a judgment enforcible by execution. We did say that the " cause of action, the ' claim,' of which the judgment for costs is an incident, was one ' existing ' at the time of such incorporation within the contemplation of said section 270." By this we did not intend to state that these judgments for costs were enforcible " claims " as to the city of Lackawanna. The statute (§ 270) says: " The city of Lackawanna shall be liable for its proportion of the debts, demands and claims existing at the time of the passage of this act against the town of West Seneca." This does not mean that the city is liable for some part of every claim made against the town. With respect to existing claims against the town of West Seneca in transactions wherein the portion of the town which became the city of Lackawanna had had a beneficial participation, section 270 was intended to furnish a means of taking the first steps toward determining what proportion of such claims should be borne by the new city of Lackawanna. So, while this cause of action was a claim existing against the town of West Seneca when the act in question was passed, it was not of such a character that the city of Lackawanna must necessarily be held liable for any proportion of the bill of costs resulting from it. As we then pointed out (p. 386), this " bill of costs is not ' legal expenses ' of the city of Lackawanna resulting from an ' improvement.' (Town Law, § 490.) It is a debt incurred originally by * * * the town of West Seneca, * * * and under the affidavits read in the proceeding should not be even ' adjusted ' entirely against * * *

the city of Lackawanna, because the sewer district happens to be now entirely within said city."

The action which resulted in the judgment for ultimate payment by the city involved only the sewer bonds themselves and presented an entirely different question from that now before us. The same is true as to the determination in the proceedings for adjustment of the town obligations between the two corporate entities and the order of Mr. Justice POUND modifying the same. Those sewer bonds had been issued to pay for an improvement entirely taken over by the city of Lackawanna. They would sometime have to be paid. Because the property benefited was wholly within the city, it was held obligated to pay them with their interest. Neither that action nor proceeding affords a precedent for a similar conclusion here. The decision in the action out of which these judgments for costs grew is likewise unavailing as such a precedent. It was an equity action brought in the interest of both the city and the town. The referee, as was his right, found costs against the town and its contractors but not against the city of Lackawanna. The plaintiff taxpayer contended that the officials of the old town of West Seneca and the sewer contractors were joined on a corrupt transaction. Under the Lackawanna City Charter (§ 271) the officials of the town of West Seneca continued to act for the city until it became fully organized on August 6, 1909. The action was brought July 1, 1909, and the answer of the town was served July thirtieth following. July 21, 1909, on its own application, the city was brought in as a party defendant and soon thereafter served an answer, which admitted most of the allegations of the complaint and joined with the plaintiff in its prayer for relief. Shortly after this the power and duty of the town officers to act for the city ended, but, in the interval, they had joined issue with the plaintiff's contention notwithstanding the sewer district and sewers were entirely within the city and its taxpayers solely chargeable with their cost. In view of these and other known facts, good faith demanded that the town join with the city in its support of the action, but it nevertheless continued its defense with the result that, after a long and vigorous litigation, plaintiff succeeded and the town, together with the contractors, were charged with costs in excess of $11,000. Whatever interest the town officials, as individuals, and the contractors, may have had in the matter was their own affair. It is certain their interest and that of the town were in reality antagonistic. If it chose to persist in the defense of a lawsuit contrary to its own interest, thereby subjecting itself to the possibility of costs being taxed against it, it must bear the burden thereof and not be permitted to charge the same over to the

city of Lackawanna which supported the plaintiff in a successful prosecution.

We do not overlook that when they joined issue in the action the town officials were still legally acting for the city and that ordinarily the costs then accrued might be for the city to pay. As compared with the whole, these are so small in amount and the bad faith of the then town officials is so manifest that we do not feel that they should be segregated, but are, on the contrary, of the opinion that all should be borne by the town.

From what has been said, it follows that the report and order appealed from should be reversed, with costs, and new findings and order made, adjusting the costs as, and to be, in their entirety, against the town of West Seneca.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order reversed, with costs to appellant, and petition and proceeding dismissed, with costs to appellant. Certain findings of fact and conclusions of law disapproved and new findings and conclusions made.